IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LAURA CANTU FERNANDEZ,<br>  Plaintiff, | §<br>§<br>§ | 9-46/ex/69: |
| v. | §<br>§ | Civil Action No. _____ |
| MERIDIAN SECURITY INSURANCE<br>COMPANY,<br>  Defendant. | §<br>§<br>§<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Meridian Security Insurance Company ("Meridian") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On October 4, 2024, Plaintiff Laura Cantu Fernandez filed her Original Petition ("Original Petition") in the 476th Judicial District Court of Hidalgo County, Texas, under Cause No. C-4657-244M, and styled *Laura Cantu Fernandez v. Meridian Security Insurance Company*. Meridian was served with citation on October 21, 2024, and filed its Original Answer on November 8, 2024.

### *Nature of the Suit*

2. This lawsuit involves a dispute over Meridian's handling of Plaintiff's insurance claim for damages allegedly caused by a storm occurring on or about April 29, 2023, at Plaintiff's property located at 1815 Trinity Street, Mission, Texas 78572. Plaintiff asserts causes of action against Meridian for breach of contract, violation of the Prompt Payment of Claims Statute, and bad faith.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

**A. The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1] Here, Plaintiff claims that her property, which Plaintiff insured through Meridian, suffered damage due to a storm moving through Hidalgo County."[2] Plaintiff seeks damages for Meridian's alleged failure to pay what was owed under the terms of the insurance contract.[3] The Policy in effect on the reported date of loss was a Texas Homeowners Policy with coverage limits of $662,300 for the dwelling, $66,230 for other structures, $463,610 for personal property, $198,690 for loss of use and subject to a 1.5% windstorm or hail deductible of $9,934.50. In addition, Plaintiff seeks the recovery of damages from Meridian, including actual damages, exemplary and/or treble damages, pre-judgment interest, post-judgment interest, and attorneys' fees.[4] Plaintiff also seeks to recover attorney fees for bringing this suit.[5]

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[2] *See* Exhibit A, Plaintiff's Original Petition, ¶ 8.
[3] *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 8-10.
[4] *See* Exhibit A, Plaintiff's Original Petition, pages 3-5.
[5] *See* Exhibit A, Plaintiff's Original Petition, ¶ 4.

5.      Plaintiff pleads in her Original Petition that she seeks "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs."[6] Additionally, Plaintiff seeks treble damages for alleged knowing and intentional conduct.[7] Plaintiff made a pre-litigation DTPA demand on May 27, 2024, in which Plaintiff made demand for $111,800.00, which included $105,000.00 in damages and $6,800.00 in attorney's fees.[8] Thus, given the Policy limits pertinent to Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000,00. Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

**B. Complete Diversity Exists Among Parties**

6.      Based upon Plaintiff's Original Petition, and upon information and belief, Plaintiff was a citizen of Texas when she filed her state-court petition, and Plaintiff remains a citizen of Texas as of the time of removal.

7.      Defendant Meridian, at the time of filing and the time of removal, was and is a corporation organized under the laws of the State of Indiana with its principal place of business at 518 East Broad Street, Columbus, Ohio 43215. Defendant Meridian therefore qualifies as a citizen of Indiana and Ohio. Accordingly, complete diversity exists between Plaintiff and Meridian.

*The Removal is Procedurally Correct*

8.      Meridian was first served with Plaintiff's Original Petition in District Court on October 21, 2024. Therefore, Meridian file this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

---

[6] *See* Exhibit A, Plaintiff's Original Petition, page 1.
[7] *See* Exhibit A, Plaintiff's Original Petition, ¶ 22
[8] *See* Exhibit B, Plaintiff's Pre-Litigation Demand.

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

11. Pursuant to 28 U.S.C. §1446(d), promptly after Meridian files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the Clerk for the 476th Judicial District Court of Hidalgo County, Texas, promptly after Meridian files this Notice.

WHEREFORE, Meridian Security Insurance Company requests that this action be removed from the 476th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas – McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:   (210) 227-4602
dstephens@lsslaw.com

_____
David R. Stephens
State Bar No. 19146100

COUNSEL FOR DEFENDANT MERIDIAN
SECURITY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas – McAllen Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent on this **15th** day of **November 2024**, addressed to those who do not receive notice from the Clerk of the Court.

 Richard D. Daly
 Maria Gerguis
 DALY & BLACK, P.C.
 2211 Norfolk Street, Suite 800
 Houston, Texas  77098
 rdaly@dalyblack.com
 mgerguis@dalyblack.com

               _____
               David R. Stephens